UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEBORAH LEE,

                Petitioner,                      Case No. 13-cv-15004

v.                                      Honorable Thomas L. Ludington

STATE OF MICHIGAN,

                Respondent.

_____/

### OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Deborah Lee filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state court convictions for a fraudulent insurance act, Mich. Comp. Laws § 500.4511(1), and false report of a misdemeanor, Mich. Comp. Laws § 750.411 a(1)(A). Petitioner's convictions arise from a car accident and the filing of a false police report and false insurance claim in 2007. She was sentenced to thirty days in jail, probation, and restitution.

Following her convictions and sentencing by the Circuit Court of Wayne County, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims challenging the admission of a bystander's handwritten note, the admission of a 911 call transcript, and the sufficiency of the evidence. The Michigan Court of Appeals denied relief on those claims and affirmed her convictions. *People v. Lee*, No. 306192, 2012 WL 6097316 (Mich. Ct. App. Dec. 6, 2012) (unpublished). Petitioner did not pursue an appeal of that decision with the Michigan Supreme Court.

Petitioner was discharged from state custody on September 16, 2013. See Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=810773.

Petitioner filed her federal habeas petition with this Court on December 10, 2013, raising the same claims concerning the admission of a bystander's handwritten note and the admission of the 911 call transcript that she raised on direct appeal in state court.

**I**

The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id*., *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be dismissed.

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Once a sentence for a conviction has fully expired, a habeas petitioner is no longer "in custody" for that offense and cannot bring a habeas petition directed

solely at that conviction.  *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his or her conviction or sentence in a federal habeas proceeding.  *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served).  The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his [or her] petition is filed."  *Maleng*, 490 U.S. at 491.  "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3), emphasis supplied by the Supreme Court).

In this case, Petitioner was discharged from her insurance fraud and false police report convictions and sentences on September 16, 2013.  She filed the instant petition on December 10, 2013.  She thus fully served her criminal sentences before she instituted this action and was not in state custody when she filed her petition.  Consequently, the Court lacks subject matter jurisdiction over her habeas claims challenging those convictions.  Habeas relief is not warranted.

## II

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue

- 3 -

"only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that jurists of reason would not find the dismissal of this habeas action on jurisdictional grounds debatable.  Furthermore, the Court will deny leave to proceed in forma pauperis on appeal because any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

### III

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.


                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: January 14, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and upon Deborah Lee, #810773, 3496 Bishop Street, Detroit, MI 48224 by first class U.S. mail on January 14, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS